```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
BOISEY CALDWELL,                                               :
                                                               :
                              Plaintiff,                       :
                                                               :    19-CV-5236 (VEC)
              -against-                                        :
                                                               :    MEMORANDUM OPINION
ELINOR SUTTON,                                                 :       AND ORDER
                                                               :
                              Defendant.                       :
                                                               :
-------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/20/2020
```

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff alleges civil rights violations against Defendant who represented the plaintiffs in a class action challenging the New York City Police Department's ("NYPD") alleged practice of issuing summonses and tickets without probable cause in order to satisfy quotas. The class action resulted in a $75 million settlement—a recovery of $150 per criminal summons issued to class members that were dismissed and that were issued without probable cause. *Stinson v. City of New York*, 256 F. Supp. 3d 283, 287 (S.D.N.Y. 2017). Plaintiff, a member of the class, alleges that he is "a victim of the *Stinson* Deal" and that, by including him in the class-wide settlement, Defendant deprived him of his rights under the Equal Protection Clause of the Fourteenth Amendment. Am. Compl. (Dkt. 3) at 1. On September 16, 2019, Defendant moved to dismiss the Amended Complaint. For the following reasons, Defendant's motion to dismiss is GRANTED.

1

## BACKGROUND[1]

In *Stinson*, class-action plaintiffs challenged the constitutionality of an alleged NYPD practice of issuing summonses without probable cause, in order to satisfy quotas. 256 F. Supp. 3d at 286. Defendant Elinor Sutton was one of several attorneys who represented the class. In January 2017, the parties reached a proposed settlement including monetary relief and remedial measures to prevent future violations. *Id.* at 287. They provided notice of the settlement to potential class members and presented the settlement to the court in a fairness hearing. *Id.* at 288. At the fairness hearing, the court heard objections to the proposed settlement. *Id.*

Plaintiff Boisey Caldwell received a notice (the "Notice") informing him that he was a member of the plaintiff class and that he was entitled to make a claim as part of the settlement. Compl. (Dkt. 2) at 1. The Notice also informed him that he could opt out of the settlement. *See id.*; Long Form Notice, *Stinson*, No. 10-CV-4228 (S.D.N.Y. Jan. 23, 2017) (Dkt. 319-3), Short Form Notice, *Stinson*, No. 10-CV-4228 (S.D.N.Y. Jan. 23, 2017) (Dkt. 319-4); *see also* Order, *Stinson*, No. 10-CV-04228 (S.D.N.Y. Jan. 24, 2017) (Dkt. 320) ("The Court approves both the form and substance of the proposed Long and Short form Notices of Class Action Settlement"). Mr. Caldwell did not opt out of the class; instead, he objected at the fairness hearing and ultimately submitted a claim form. Compl. at 6–8; *Stinson*, 256 F. Supp. 3d at 291. His

---

[1] All facts are derived from Plaintiff's Complaint (Dkt. 2), Amended Complaint, and exhibits and documents attached thereto. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("[W]e may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."). Because the paragraphs and pages of the Complaint and Amended Complaint are numbered inconsistently, the Court cites to the page numbers affixed by the ECF system.

The Court also takes judicial notice of previous litigation related to this matter, in particular *Stinson*. *See* Fed. R. Evid. 201; *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (quotations and citation omitted).

objection expressed "discontent regarding the size of the settlement amount payout" ($150 per unlawful summons). *Stinson*, 256 F. Supp. 3d at 291. His objection was overruled. *Id.* ("To the extent that the handful of objections made based on this issue are grounded in claims actually covered by the Settlement, they do not constitute a basis to reject the Settlement."). After finding that the settlement was procedurally and substantively fair, the *Stinson* court approved the settlement. *Id.* at 286.

Mr. Caldwell now alleges that by including him in the settlement, Ms. Sutton "is out to deny me equal protection of the law." Compl. at 1. He asserts that he withdrew from the class, allegedly telling Ms. Sutton by phone in 2017 that he does "not accept their [settlement] agreement." Am. Compl. at 2. Mr. Caldwell also voided his $150 settlement check to try to withdraw from membership in the class. Compl. at 5–8; Am. Compl. at 3.

The Court notes that Mr. Caldwell has already filed two other lawsuits related to the allegations in this case—one lawsuit against the City of New York and an NYPD officer, and the other against the NYC Department of Law and another NYPD officer—both of which were dismissed. *See Caldwell v. City of New York*, No. 17-CV-7808, 2018 WL 8996337, at *1 (S.D.N.Y. Sept. 6, 2018); *Caldwell v. NYC Dep't of Law (Caldwell II)*, No. 19-CV-8835, 2019 WL 6311785, at *2 (S.D.N.Y. Nov. 22, 2019). He has also filed at least fifteen actions in this district and been warned more than once that "further frivolous or otherwise nonmeritorious litigation in this Court would result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission." *Caldwell II*, 2019 WL 6311785, at *2. As discussed below, this case further cements the appropriateness of that warning.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "[A] complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted). The Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The pleading standard is generally lower for a *pro se* litigant. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). "[T]he court must construe [*pro se*] submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quotations and citation omitted). Courts ordinarily owe *pro se* litigants "special solicitude" because the lack of legal training and experience makes them more "likely to forfeit important rights through inadvertence." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citations omitted). Notwithstanding that solicitude, a court "cannot invent factual allegations that [a *pro se* plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

Mr. Caldwell's pleadings and numerous letters to this Court are hard to decipher and contain many unrelated asides, but construing them liberally, the Court understands him to be pursuing relief under 42 U.S.C. § 1983 for alleged violations of his rights under the Equal Protection Clause of the Fourteenth Amendment. The Court also understands Mr. Caldwell to be invoking the Due Process Clause of the Fifth and Fourteenth Amendments in challenging the settlement in *Stinson*—or at least its applicability to him. Mr. Caldwell inexplicably attempts to state a claim against Ms. Sutton based on encounters he had with NYPD officers who allegedly unlawfully stopped and frisked him at least five times starting in 2014. Am. Compl. at 9, 14. It appears, though, that his main complaint is with his inclusion in the *Stinson* class. Mr. Caldwell alleges that "[he] was stopped and frisk[ed] and unlike those mentioned in the *Stinson* Deal [he] fought [his] cases [referring to summonses] . . . and [has] withdrawn from the class." *Id.* at 2. He further alleges that by "using [his] name on their list of case [sic] that settled" despite his withdrawal, Ms. Sutton is "not allowing [him] to have equal protection under the law." *Id.* at 1.

Among other requirements, to state a viable Section 1983 claim, "a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citation omitted). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Id.*

Mr. Caldwell fails to state a claim under Section 1983 because Ms. Sutton is a private actor, not a state actor. "It is well-established that as a matter of law a private attorney is not a state actor." *Sklodowska-Grezak v. Stein*, 236 F. Supp. 3d 805, 809 (S.D.N.Y. 2017) (quotation

5

omitted).  "[P]rivate attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims."  *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010).  Mr. Caldwell has not alleged any facts remotely suggesting that Ms. Sutton acted under color of state law.  Moreover, "in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  Here, too, Mr. Caldwell has not alleged that Ms. Sutton was personally involved in the stop-and-frisk encounters with police officers that are alleged to be the underlying constitutional violation.

The Court also does not find any plausible basis in the pleadings—even when construed liberally—for a collateral attack on the *Stinson* settlement.  First, a class member is "required to opt out at the class notice stage if [he does] not wish to be bound by the Settlement."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 115 (2d Cir. 2005).  Mr. Caldwell's own submissions show that he did not opt out after receiving notice of the proposed settlement.  He instead objected to the settlement and then submitted a claim form after his objection was overruled.  Compl. at 6–8; *Stinson*, 256 F. Supp. 3d at 291.

Second, Mr. Caldwell has not alleged any defect in the settlement itself that could sustain a collateral attack.  "Final judgments . . . remain vulnerable to collateral attack for failure to satisfy the adequate representation requirement."  *Vargas v. Capital One Fin. Advisors*, No. 12-CV-5728, 2013 WL 4407094, at *4 (S.D.N.Y. Aug. 15, 2013), *aff'd*, 559 F. App'x 22 (2d Cir. 2014) (quotations omitted).  Mr. Caldwell has not alleged, however, that Ms. Sutton inadequately represented him as class counsel.  To the contrary, the *Stinson* court acknowledged the "strength of the representation provided to the Class."  *Stinson*, 256 F. Supp. 3d at 297.  "Absent fraud or collusion, courts should be hesitant to substitute their judgment for that of the parties who

negotiated the settlement." *Vargas*, 2013 WL 4407094, at *5 (quotation omitted).  Mr. Caldwell has not advanced any claim of fraud or collusion, and there is no indication from his pleadings that either existed.  Therefore, the Court finds no basis for concluding that he was denied due process in the settlement proceedings.

Because Mr. Caldwell fails plausibly to allege a cause of action that would entitle him to relief, his claims against Ms. Sutton are dismissed.  To the extent that Mr. Caldwell raises any state law claims, the Court declines to exercise supplemental jurisdiction in this case.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").  Finally, because there is no indication from Mr. Caldwell's pleadings or in his responses to Defendant's motion to dismiss that he could state a valid claim by amending his pleadings, the Court also denies him leave to amend as futile.  *Grullon*, 720 F.3d at 139–140 ("Leave to amend may properly be denied if the amendment would be futile." (quotation omitted)).[2]

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED, and this case is dismissed with prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and thus, *in forma pauperis* status for purposes

---

[2]  The Court has also considered Mr. Caldwell's remaining arguments and finds them meritless.

of appeal is denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when seeking review of a non-frivolous issue).

The Clerk of the Court is respectfully directed to terminate the case. A copy of this Order has been mailed to Plaintiff by chambers.

**SO ORDERED.**

Date: **July 20, 2020**
      **New York, NY**

                                        **VALERIE CAPRONI**
                                        **United States District Judge**